**THRIFT DRUG, Plaintiff,**

v.

**PRESCRIPTION PLAN SERVICE CORP., Universal Prescription Administrators, and Alvin Konigsberg, Defendants.**

No. 93 Civ. 4460(WK).

United States District Court, S.D. New York.

July 10, 1995.

John A. Orzel, DeOrchis & Partners, New York City, for plaintiff.

Stanley Thalen, Woodmere, NY, Riccardo Iaccarino, Roy Barnes, P.C., Hempstead, NY, for Prescription Plan Service, Corp., Alvin S. Konigsberg.

**MEMORANDUM AND ORDER**

WHITMAN KNAPP, Senior District Judge.

This is a breach of contract case involving prescription plan services. Plaintiff Thrift Drug is seeking summary judgment for defendants' alleged failure to pay for services rendered as part of an implied contract between the parties. For the reasons stated on the record July 6, 1995, and for the reasons

that follow, the motion is denied in part and granted in part. Plaintiff also moves for leave to add Universal Prescription Administrators ("UPA") as a defendant. As defendants Prescription Plan Service Corp and Alvin S. Konigsberg have consented, there is no need to reach the merits of this issue, and the motion is granted. Finally, plaintiff moves to strike certain portions of defendant Alvin Konigsberg's affidavit. As stated on the record on July 6, 1995, portions of the affidavit are stricken.

## BACKGROUND

Universal Prescription Administrators ("UPA") and Prescription Plan Service Corp. ("PPSC") are both owned by defendant Alvin S. Konigsberg ("Konigsberg"). Konigsberg also owns and serves as a director or officer of several other corporations. All of these corporations are in the field of health care administration.

Both UPA and PPSC administered prescription benefit plans. As part of that administration, they entered into agreements with "panel pharmacies," of which plaintiff is one. Under such agreements, when eligible beneficiaries had their prescriptions filled at a panel pharmacy, the pharmacy accepted from the beneficiary only the co-payment. The pharmacy then submitted the prescription claim documentation to the relevant administrator corporation—either UPA or PPSC—to be reimbursed. UPA and PPSC then submitted its own claims to their clients to be reimbursed and paid for processing the claims.

Defendants assert—and plaintiff does not contest—that in the late 1980's, UPA and PPSC began losing clients. By 1991, UPA and PPSC were experiencing severe cash flow problems, and by late 1991 and early 1992, UPA was chronically short of cash and unable to keep up with its debts. One of the creditors from that time period was plaintiff.

Plaintiff was a panel pharmacy. Under an implied contract, with defendant UPA, plaintiff provided prescription services to participants in plans administered by defendant UPA from 1981 to 1992. In addition, the Panel Pharmacy Agreement, the Pharmacy Manual and subsequent written notices from defendant UPA to plaintiff governed the provision of services and payment therefor. Defendant UPA received plaintiff's services without objection and regularly reimbursed plaintiff for such services from 1981 to June, 1991. From then on, defendant UPA made sporadic payments to plaintiff until April 11, 1992 when plaintiff terminated its services to defendant UPA. Plaintiff claims that defendant UPA failed to reimburse plaintiff for services with a reasonable value totalling $59,473.30, with additional interest of $14,561.13.

## DISCUSSION

Plaintiff seeks summary judgment on three issues: (1) that defendant UPA is liable for failing to reimburse plaintiff for services rendered under an implied contract; (2) that defendant PPSC is liable for debts incurred by UPA under the laws of agency; (3) that the corporate veils of UPA and PPSC can be pierced to reach the assets of defendant Alvin Konigsberg, the sole shareholder of both corporations.

As stated on the record on July 6, 1995, plaintiff's motion holding UPA liable is granted. The amount of liability remains in dispute and is to be resolved either on a supplemental motion for summary judgment, or at trial. As further stated on the record, plaintiff's motion for summary judgment against PPSC for the liability of UPA is denied. What remains to be determined, therefore, is whether on summary judgment the corporate veil of UPA should be pierced to reach the assets of Konigsberg.

The leading case on this issue, cited by both parties, is *Wm. Passalacqua Builders v. Resnick Developers* (2d Cir.1991) 933 F.2d 131. That case describes the New York rules for corporate disregard. Under New York law, if a corporation is used by its owner to accomplish his or her own and not the corporation's business, such that the corporation has become a "mere instrumentality" of its owner, the owner is no longer entitled to hide behind the protection of the corporation. *Id.* at 138. In the case at bar, plaintiff argues that defendant Konigsberg controlled and dominated UPA to such an

extent as to justify summary judgment holding Konigsberg personally liable for the debts of defendant UPA.

This argument, however, ignores the further determination of the Court in *Passalacqua* that "*the jury* must decide whether— considering the totality of the evidence ... the policy behind the presumption of corporate independence and limited shareholder liability ... is outweighed by the policy justifying disregarding the corporate form." *Id.* at 139 (emphasis added). *See also id.* at 140. In this case, then, while it may very well be that Konigsberg used the corporation as his alter ego, and in so doing precluded himself from relying on the corporation to limit his liability, that determination is up to a jury to make and cannot be resolved on summary judgment. Therefore, summary judgment on this point is denied.

SO ORDERED.